The Honorable Paul G. Doramus State Representative 10810 Executive Center Drive Suite 212 Little Rock, AR 72211
Dear Representative Doramus:
This is in response to your request for an opinion on several questions involving the Arkansas Supreme Court's recent decision in the case of Richardson v. City of Little Rock Planning Commission, 295 Ark. 189, 747 S.W.2d 116 (1988). Your questions are restated and answered in the order presented.
1. Does the Richardson decision restrict the discretion of the Planning Commission to the extent that it cannot waive the stated ordinance requirements absent fixed standards, stated in the ordinance, governing the granting or denial of such waivers, that all Planning Commission discretion be exercised in the formulation of the subdivision ordinance, rather than its application?
It appears from a review of the Richardson decision, supra, that the majority does not expressly address, nor did the facts require that the court consider the issue of waivers. The court does make the statement that "no discretionary power to disapprove exists" following compliance with subdivision regulations.295 Ark. at 192. One may therefore be justified in questioning the discretionary procedure that variances from subdivision ordinance provisions necessarily entail. However, we are unable to conclude, based upon the facts involved therein, that the case necessarily mandates the result suggested under your first question.
2. Does the Richardson decision apply only to subdivision regulations, or does the holding reach zoning ordinances and the conditional use permit and site plan review provisions zoning ordinances frequently contain?
The facts in Richardson involved the application of subdivision regulations. The decision does not address the Planning Commission's procedure of recommending to the legislative body (City Board of Directors) decisions with regard to zoning ordinances.
3. Assuming that the answer to questions 1 and 2 is in the affirmative, can the effect of the decision be avoided by passing all such municipal decisions back to the legislative body for final action in the form of a legislative enactment?
Since your first two questions were not answered in the affirmative, it is unnecessary to address this issue. We would note, however, that your suggestion of passing decisions on to the legislative body would appear to be analogous to the City Board's review process in approving or denying zoning requests, assuming of course that the procedures applied were sufficient to generate a legislative enactment.
4. My reading of the case law indicates that, until this decision, at least, a municipal Planning Commission was considered to be a quasi-legislative body, functioning under a delegation of legislative authority, and as such its decisions were not subject to review on the question of "wisdom," but only "reasonableness" i.e., does the result bear a rational relation to the stated objective. Does the Richardson decision change this, and if so what is the new standard of review?
It must be initially recognized, in response to this question, that the standard of review is not necessarily determined by the type of body involved. The review will turn, instead, on the nature of the activity undertaken by the body, such as the administrative function served by the Planning Commission in Richardson, supra. The Richardson decision states that the Planning Commission's application of subdivision ordinances upon review of a specific request is an administrative function. The Commission administers regulations that it formulates. The review is therefore as set forth by statute. See A.C.A. 14-56-425.
It should be noted that the Planning Commission's administrative function in this regard may be distinguished from the legislative capacity of a City Board of Directors in addressing zoning matters on recommendation from the Planning Commission.
It is therefore my opinion that the Richardson decision establishes no new standard of review in this regard.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.